# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| CLEVER REAL ESTATE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-01495-MTS |
| ) | |
| HOUZEO CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court notes that Plaintiff has filed proof of service with the Court indicating that Plaintiff had Defendant served on December 20, 2023. Doc. [5]. Given that Defendant's time to answer or otherwise respond to Plaintiff's Complaint has passed, see Federal Rule of Civil Procedure 12(a)(1)(A), the Court will Order Plaintiff to seek a default under Federal Rule of Civil Procedure 55(a) and require Plaintiff to file any motion for default judgment no later than twenty-one (21) days after the Clerk of Court enters Defendant's default.

Plaintiff's memorandum in support for any motion for default judgment must explain why "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *accord Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). But, besides that, any memorandum in support must first address this

Court's subject matter jurisdiction, which the Court, at this point, is skeptical it has over this action. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

Plaintiff's one-count Complaint asserts the Court has "federal question jurisdiction over the subject matter of this action" pursuant to "28 U.S.C. § 1331 and/or the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201" and "supplemental jurisdiction as needed under 28 U.S.C. § 1367(a)." Doc. [1] ¶ 10.  But the Declaratory Judgment Act did not extend the jurisdiction of the federal courts. *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014); s*ee also McGowen, Hurst, Clark & Smith, P.C. v. Com. Bank*, 11 F.4th 702, 708 n.2 (8th Cir. 2021).  Federal question jurisdiction under § 1331, then, must do all the jurisdictional lifting here.  That is to say, the Court can only entertain Plaintiff's claim for declaratory relief "so long as [it] raise[s] a federal question." *Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians*, 317 F.3d 840, 847 (8th Cir. 2003).  It is far from clear to the Court that it does.  *See* 10B Charles Alan Wright, et al., *Federal Practice and Procedure* § 2767 (4th ed.) ("Whether an action for a declaratory judgment comes within 'federal question' jurisdiction raises difficult questions.").

It is "not enough" that a federal issue simply "is present in the case." *State of Mo. ex rel. Mo. Highway & Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir.

1997). And since this is a suit seeking a declaratory judgment, "there is an additional twist to the jurisdictional inquiry." *Id.* When determining declaratory judgment jurisdiction, federal courts "often look to the 'character of the threatened action.'" *Medtronic*, 571 U.S. at 197 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952)). "That is to say, they ask whether 'a coercive action' brought by 'the declaratory judgment defendant,'" here Houzeo Corp., "'would necessarily present a federal question.'" *Medtronic*, 571 U.S. at 197 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 19 (1983)). Plaintiff points to no possible coercive action here, and the Court cannot readily identify one.[*] *See Patel v. Hamilton Med. Ctr., Inc.*, 967 F.3d 1190, 1195 (11th Cir. 2020) (finding district court lacked jurisdiction where plaintiff's complaint "d[id] not establish that the [defendant] could bring *any* claim against [plaintiff]").

For these reasons, any memorandum in support of a motion for entry of default judgment must first address the Court's power to hear this case.

\*   \*   \*

**IT IS HEREBY ORDERED** that Plaintiff shall seek an entry of default against Defendant no later than **Tuesday, February 20, 2024**.

---

[*] An issue also lurking here is whether this action presents a case or controversy under Article III. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–27 (2007); *see also id.* at 138 (Thomas, J., dissenting) ("[T]he [Declaratory Judgment] Act merely provides a different procedure for bringing an actual case or controversy before a federal court.").

**IT IS FURTHER ORDERED** that Plaintiff file any motion for the entry of default judgment within twenty-one (21) days of the Clerk of Court entering Defendant's default.

**IT IS FINALLY ORDERED** that any motion for the entry of default judgment must address the jurisdictional issues raised herein.

Dated this 9th day of February 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE